IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GERALD GRADIA, as Personal Representative
of the Estate of JAY GRADIA, Deceased,

        Plaintiff,

vs.                                          Civ. No. 02-286 WWD/LFG ACE

ERIC TANNER and KLLM INCORPORATED,

        Defendants.

MEMORANDUM OPINION AND ORDER

       This matter comes before the Court upon the Motion in Limine to Exclude the Opinion

Testimony of Defendants' Expert, Patricia J. McFeeley, M.D. [docket no. 42] filed January 3,

2003. Plaintiff claims that Dr. McFeeley "lacks specialized knowledge that would assist the jury

in determining the cause of the injuries and resulting death of Jay Gradia" (hereinafter "Gradia"),

Plaintiff's decedent. Plaintiff points out that Dr. McFeeley has been identified as "[a]n

independent, outside expert with information regarding details of the 08-2301 autopsy Report of

Jay Gradia." Plaintiff goes on to point out that Dr. McFeeley, a pathologist, is not an accident

reconstructionist and that she did not go to the scene and conduct an accident reconstruction.

Apparently, Dr. McFeeley cannot identify what may have caused the impact that resulted in

Gradia's death. Apparently, Dr. McFeeley is going to be testifying about her findings at the time

of Gradia's autopsy, and there is no indication that she is going to attempt to step in the role of an

accident reconstructionist. At the same time, since she did view Gradia's body and is familiar

with the autopsy, it seems reasonable that she might be questioned as to whether a particular blunt

force trauma could have caused the injuries she saw.  Whether the trial court would admit such

evidence is another question and should be dealt with in the context of the trial.  There is no

question before the Court as to Dr. McFeeley's competence as a pathologist and the Court takes

judicial notice of the fact that Dr. McFeeley is the Assistant Chief Forensic Pathologist for the

New Mexico Office of Medical Examiners.  There is no reason for a <u>Daubert</u> hearing with respect

to Dr. McFeeley's qualifications as a forensic pathologist.  Absent any indication that she will be

trying to testify as an expert in any other field, I do not find the Motion in Limine to be well

taken.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion in Limine to Exclude the Opinion Testimony of

Defendants' Expert, Patricia J. McFeeley, M.D. [docket no. 42]. be, and it is hereby, DENIED.

UNITED STATES MAGISTRATE JUDGE