IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GERALD GRADIA, as Personal Representative
of the Estate of Jay Gradia, deceased,

      Plaintiff(s),

vs.                                 CIVIL NO. 02-286 WDS/LFG

ERIC TANNER and KLLM Incorporated,

      Defendant(s).

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff Gradia's Motion in Limine  (Docket No. 53) to exclude evidence of a drunk driving arrest and conviction of Plaintiff's deceased and to preclude opinion or accident reconstruction testimony by certain New Mexico State Police officers who investigated the accident.

The evidence of one prior drunk driving arrest and conviction of Plaintiff's decedent, Jay Gradia, would normally not be relevant, especially since no alcohol is alleged to be involved in this incident.  As Defendant argues, however, it may become admissible for some other purpose should Plaintiff open the door by introducing evidence that Plaintiff never violated the law, etc.  It may also be relevant on certain damages questions, depending on what evidence is produced by Plaintiff.  It will not be admissible as some species of set off should the issue of Defendant Tanner's conduct after the accident be raised.

Accordingly, the motion will be denied, except as noted.  Defendants will not mention the conviction in any manner at trial without first notifying the Court, outside the presence of the jury,

of their intention to do so and obtaining permission of the Court..

On the question of opinion or expert testimony of State Police officers Luttrell, Ross, and Riley, none of them were identified as experts. While they may have varying degrees of expertise in the investigation of automobile accidents, since they were not identified as experts it would be unfair surprise to allow them to offer expert opinions at trial. While opinions may also be admissible under Rule 701, the Court cannot envision at this juncture that any opinions they might offer would be helpful to the jury in deciding the ultimate issue of negligence in this case.

Accordingly, they may testify as to what they observed at the scene, any measurements they may have taken, and any photographs they may have taken. They may not, however, testify as to any opinions without prior approval from the Court after a hearing outside the presence of the jury.

_____
**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**