## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**GERALD GRADIA, as Personal Representative**
**of the Estate of Jay Gradia, deceased,**

        **Plaintiff(s),**

**vs.**                                        **CIVIL NO. 02-286 WDS/LFG**

**ERIC TANNER and KLLM Incorporated,**

        **Defendant(s).**

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on Defendants' Motion in Limine to Exclude Evidence Regarding Post-Accident Expressions of Regret, Grief and Sympathy (Doc. 57).

Defendant objects to numerous items of proposed evidence which contain expressions of regret, grief, and sympathy for the Plaintiff's decedent. They argue that such expressions must be excluded as they are irrelevant and serve only to inflame the jury and prejudice the Defendants. Plaintiff argues that these items are admissible on the issue of hedonic damages as well as the emotional distress of the deceased' parents. Plaintiff notes that some of the originally designated exhibits will not be offered at trial, but lists by exhibit number exhibits that will still be offered. In the interest of brevity the Court will address these exhibits by category.

The following exhibits will be admitted as relevant to the issues of hedonic damages and loss of consortium with the caveat that they should not be unduly duplicative: Exhibits 30, 31, 35 (presuming it was not written post-accident), 38, 39, 40, 41, and 46 (presuming it was awarded pre-accident).

The remaining exhibits will not be admitted as they are post-accident generated memorials in which, to the extent relevant at all, any probative value is exceeded by the prejudicial effect: 33, 34, 35 (if it was written post-accident), 36, 37, 42, 43, 44, 45, 46 (if it was awarded post-accident), 47, and 48.


**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**